IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY A. BARTO, : | |
| Petitioner : | |
| : | No. 1:16-cv-01799 |
| v. : | |
| : | (Judge Kane) |
| MARK GARMON, et al., : | |
| Respondents : | |

**MEMORANDUM**

On August 30, 2016, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 signed by Petitioner Gregory A. Barto ("Barto"). (Doc. No. 1.) Barto is incarcerated at the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania ("SCI-Rockview"). (Id.)

**I.    BACKGROUND**

Barto challenges his sentence of thirty-five to seventy year's imprisonment, which was imposed after he was convicted by a jury on May 7, 2010 of numerous sex and corruption offenses related to separate female victims in the Court of Common Pleas of Lycoming County. (Doc. No. 17-1, Ex. 11); Commonwealth v. Barto, Docket No. CP-41-CR-0000844-2009 (Lycoming Cty. C.C.P.).[1] The offenses included forcible rape, terroristic threats, corruption of minors, sexual exploitation of children, and sexual abuse of children. (Id.)

Barto filed an appeal to the Superior Court of Pennsylvania, challenging the trial court's (1) decision to consolidate the charges; (2) failure to grant a mistrial following a victim's remark

---

[1] A federal habeas court may also take judicial notice of state court records. Minney v. Winstead, Civ. No. 12-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly-available dockets of Barto's criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lycoming County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

1

about Barto's prior criminal activity; and (3) alleged deprivation of Barto's right to confront a witness with proof of bias or bad motive. (Doc. No. 17-1, Ex. 12.) The Superior Court affirmed on August 17, 2011. (Id.) Barto then sought an allowance of appeal with the Supreme Court of Pennsylvania, which was denied on January 25, 2012. (Id., Ex. 11.)

Upon conclusion of direct review, Barto filed a pro se petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), in the Lycoming County Court of Common Pleas ("PCRA Court") on October 25, 2012. (Id., Ex. 15.) Subsequently, Counsel was appointed and proceeded to file an amended petition, followed by a second amended petition. (Id., Exs. 16, 17.) Barto, through his PCRA counsel, asserted claims of ineffective assistance of counsel for failing to file a timely post-sentence motion or appeal regarding (1) the sufficiency of evidence; (2) the weight of the evidence; and (3) the discretionary aspects of sentencing in light of the court's sentence of thirty-five to seventy years. (Id., Ex. 17.) On January 2, 2015, the PCRA Court provided notice to the parties that it intended to dismiss the second amended PCRA petition without a hearing (id., Ex. 18), and on February 2, 2015, dismissed the second amended petition (id., Ex. 19).

On March 10, 2015, Barto filed, pro se, a timely notice of appeal to the Superior Court (id., Ex. 13), as well as a petition requesting a Grazier hearing.[2] On April 9, 2015, after a hearing was held, the PCRA Court found that Barto had knowingly, intelligently, and voluntarily waived his right to appellate counsel, and thus permitted him to represent himself. (Id., Ex. 20.) Attorney Cronin was appointed as standby counsel for Barto. (Id.) On appeal to the Superior Court, Barto presented the following issues: (1) whether appellate counsel was ineffective for failing to challenge the sufficiency of evidence in regards to victims N.B. and A.W; (2) whether

---

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

2

Barto was entitled to an evidentiary hearing based on after-discovered evidence that the investigating trooper was arrested for similar offenses prior to Barto's trial, and such a hearing is warranted to determine if the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963); (3) whether trial counsel was ineffective for failing to inform Barto that he could have character witnesses testify as to his non-violent reputation, thus denying Barto his Sixth Amendment right to effective counsel and Fourteenth Amendment right to due process; and (4) whether Barto had adequate counsel during the PCRA proceeding, as appointed counsel neither communicated with Barto, nor informed him that an amended petition had been filed on Barto's behalf. (Id., Ex. 13.)

Upon review, the Superior Court held that Barto's ineffective assistance of counsel claim regarding the sufficiency of evidence as to N.B. was waived due to Barto's failure to brief the claim properly.[3] (Id. at 66.) With regard to the remaining three claims, the Superior Court found that Barto waived these claims because he had not raised them in either his PCRA petition or in the 1925(b) statement.[4] (Id. at 66-67.) Accordingly, the Superior Court affirmed the PCRA Court's decision on July 26, 2016. (Id. at 68.) Barto did not seek an allowance of appeal with the Supreme Court of Pennsylvania. Rather, on August 30, 2016, Barto, proceeding pro se, filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) This Court directed Respondents to file an answer, motion, or other response to Barto's habeas petition (Doc. No. 6), and on June 15, 2017, Respondents filed an answer to Barto's petition, asserting that all claims were either without merit, deemed waived, or procedurally barred (Doc. No. 17). Barto subsequently filed a traverse on July 20, 2017. (Doc. No. 18.) Having been fully briefed, this petition is now ripe for disposition.

---

[3] The Superior Court noted that Barto abandoned his claim in regards to victim A.W. (Id. at 66.)
[4] A Rule 1925 statement is filed by appellants in Pennsylvania state appellate court wherein they must list all of the issues complained of on appeal. If an issue is not listed in the Rule 1925 statement, it is considered waived for purposes of appeal. Pa. R. App. Pro. 1925(b)(4).

## II.     LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." Dunn v. Colleran, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism.  Engle v. Isaac, 456 U.S. 107, 128 (1982).  "The States possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law."  Id.  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a).  Absent special circumstances, the petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state." Id. § 2254(b).  If an applicant has the right to raise the questions presented under any available state procedure, he shall not be deemed to have exhausted the remedies available.  Id. § 2254(c).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

Id. § 2254(d).

## III. DISCUSSION

Barto presents the following four grounds for relief in his habeas petition:

> (1) that trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence regarding N.B.;
>
> (2) that the Commonwealth violated Brady for failing to disclose evidence that the investigating trooper was arrested for similar offenses that occurred prior to Barto's trial;
>
> (3) that trial counsel was ineffective for failing to inform Barto that he could have character witnesses to testify as to his reputation for non-violence; and
>
> (4) that Barto's due process right to a fair trial was violated when the trial court consolidated the forcible rape charges with the non-violent charges.

(Doc. No. 1 at 6-10.)

The Court will address each of these grounds for relief, first reviewing the claims for relief the Court deems procedurally defaulted or otherwise not exhausted. The Court will then address any remaining claims on the merits.

### A. Exhaustion and Procedural Default

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. Id. at 845. A claim has been exhausted when it has been "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971). This means that the federal habeas claim "must be the

substantial equivalent of that presented to the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted." Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005). "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim." Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 32 (2004)). Moreover, the habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. 28 U.S.C. § 2254. Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). Claims deemed exhausted because of a state procedural bar are procedurally defaulted. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The district court then analyzes the claims under the procedural default doctrine. Id. The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. Coleman v. Thompson, 501 U.S. 722, 732 (1991). In Cone v. Bell, 556 U.S. 449 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases. When a

6

> petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Cone, 556 U.S. at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred every time that a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner. A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'" Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (citing Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007)). The requirements of independence and adequacy are distinct. Levya, 504 F.3d at 365. A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims." Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004). A rule is "adequate" if "it was firmly established, readily ascertainable, and regularly followed at the time of the purported default.'" Levya, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 372 (3d Cir. 2001)).

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a

7

"fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must show the "cause" for his default and "prejudice" attributable thereto. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255 (1989)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982); see also Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 326 (1995). It is a stronger showing than that needed to establish prejudice. Id. In Goldblum v. Klem, 510 F.3d 204 (3d Cir. 2007), the Third Circuit explained the two-step inquiry as follows. First, the "court must decide 'whether the petitioner has presented new reliable evidence . . . not presented at trial,'" and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Goldblum, 510 F.3d at 225 (citing Hummard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)). If a petitioner can meet the "cause and prejudice" or "fundamental miscarriage of justice" standard, his default will be excused and the court may review the merits of the claim presented. Id.

### 1. Grounds One, Two, and Three of Barto's Habeas Petition

Respondents argue that grounds one, two, and three of Barto's habeas petition have been waived due to Barto's failure to brief the claims adequately or raise them in either his PCRA petition or in the 1925(b) statement. (Doc. No. 17 at 8, 9.) In addressing claim one of Barto's pro se PCRA appeal, the Superior Court noted that "claims of ineffective assistance of counsel are not self-proving." (Doc. No. 17-1, Ex. 13 at 65.) The Superior Court found that Barto had failed to set forth and discuss each prong of the applicable test for ineffectiveness of counsel individually and substantively. (Id.) Specifically, the Superior Court found that Barto did "not set forth and meaningfully discuss the legal principles pertaining to his underlying sufficiency claim or the elements of crimes he [sought] to challenge on that basis." (Id.) The Superior Court concluded that Barto waived his sufficiency of the evidence as it pertained to N.B. (Id. at 66.) In addressing grounds two and three, the Superior Court found that Barto waived these claims because he had not raised them in his PCRA petition or in the 1925(b) statement. (Id. at 66-67.)

The Pennsylvania Supreme Court has held that undeveloped claims based on boilerplate allegations cannot satisfy a petitioner's burden of establishing ineffectiveness of counsel. See Commonwealth v. Steele, 961 A.2d 786, 797 (Pa. 2008); Commonwealth v. Bracey, 795 A.2d 935, 940 n.4 (Pa. 2001). Reliance on this rule has been considered an independent and adequate state law ground precluding federal habeas review. See Leake v. Dillman, 594 F. App'x 756, 758-59 (3d Cir. 2014) (holding that the Superior Court's reliance on petitioner's failure to develop arguments meaningfully on appeal and cite appropriate authorities is an independent and adequate state law ground).

Here, Barto's failure to comply with the state rule requiring the development of his ineffective assistance of counsel claim is an independent and adequate state law ground barring

9

habeas relief, and his claim is, therefore, procedurally defaulted.[5] Id. at 759. Additionally, Barto's failure to raise grounds two and three in his Rule 1925(b) statement of issues complained of on appeal also resulted in a waiver of these issues, which constitutes a procedural default of these claims. Accordingly, the Court finds that grounds one, two, and three are procedurally defaulted.

It appears that Barto contests whether he has procedurally defaulted these claims, but maintains that to the extent he has, the default should be excused pursuant to Martinez v. Ryan, 566 U.S. 1 (2012). (Doc. No. 18.) The United States Supreme Court has recognized that, under certain circumstances, procedural default of a claim for ineffective assistance of trial counsel may be excused when default was caused, in turn, by ineffective assistance of counsel in initial post-conviction collateral proceedings. See Martinez, 566 U.S. at 8-18. In Martinez, the Supreme Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 17.

In Martinez, the Court limited its holding to cases where "under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding." Id. Shortly thereafter, the Court revisited its holding in Martinez, extending it to apply not only to cases in which state procedural law expressly prohibits ineffective assistance claims on direct

---

[5] To the extent that Barto raises the propriety of the state court's waiver finding, federal habeas corpus relief does not lie for errors of state law, including a potentially incorrect state procedural rule. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, even if the Superior Court incorrectly deemed Barto's ineffectiveness claim waived, habeas relief would not be warranted, as it is "well established that a state court's misapplication of its own law does not generally raise a constitutional claim.'" Leake, 594 F. App'x at 759 (quoting Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007)).

appeal, but also in instances when "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino v. Thaler, 569 U.S. 413, 429 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that Martinez applies in Pennsylvania. Cox v. Horn, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

Instantly, however, Barto's claim regarding sufficiency of the evidence was indeed raised by appointed counsel and ruled on by the PCRA court. (Doc. No. 17-1, Ex. 18.) The PCRA court found that sufficient evidence existed to sustain a conviction based upon the record. (Id. at 175.) Moreover, it was Barto, proceeding pro se after a Grazier hearing, who appealed the PCRA court's decision to the Superior Court. Therefore, Barto cannot fault non-existent appellate PCRA counsel for his own failure to develop and discuss each prong of the analysis applicable to ineffectiveness of counsel properly on his PCRA appeal. (Doc. No. 17-1, Ex. 13 at 65.) Accordingly, the Court concludes that Barto's claim regarding sufficiency of the evidence is procedurally defaulted and he has not shown either "cause or prejudice" or a "fundamental miscarriage of justice" to excuse his default. Accordingly, the Court will deny this claim due to Barto's procedural default.

In ground two of his petition, Barto contends that the Commonwealth violated Brady by failing to disclose evidence that the investigating trooper had been investigated for similar offenses that occurred prior to Barto's trial. (Doc. No. 1 at 6.) Under Martinez, the failure of a federal habeas petitioner's counsel to raise a claim in an initial-review collateral proceeding can constitute cause if (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and (2) the underlying ineffective

11

assistance of trial counsel claim is "a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Martinez, 566 U.S. at 14; Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014). "Under Strickland, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002). This review of counsel's performance must be "highly deferential," as the petitioner has the burden of overcoming the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90.

Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will be available only if he further demonstrates that this deficient performance prejudiced his defense. Id. at 691-92. To demonstrate that he was prejudiced by counsel's ineffective performance, a petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Courts may deny an ineffective assistance of counsel claim upon determining that a petitioner fails to make a sufficient showing under either the performance component or the prejudice component, without any need to address the other prong. Id. at 697.

Respondents contend that Barto has neither demonstrated nor offered to prove that the investigating trooper was aware at the time of Barto's trial that he was being investigated and, therefore, the investigating trooper's testimony could not have been biased in favor of the Commonwealth. (Doc. No. 17 at 10.) Respondents further contend that the investigating

12

trooper's testimony simply established how he became aware of Barto's various victims and the actions he took to identify those victims. (Id.) Because the trooper's testimony was never disputed by Barto and it was a minor portion of the case, Respondents argue that even assuming the existence a Brady violation, the outcome of the proceeding would not have been different. (Id. at 11.)

In Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Brady, 373 U.S. at 87. To establish a Brady violation, a petitioner must demonstrate that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence is favorable to the accused, either because it is exculpatory or impeaching; and (3) that the evidence was material to the outcome of the case. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). The materiality standard is satisfied when the evidence places the "whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 434-35 (1995). Further, this standard is satisfied "if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would be different." Strickler, 527 U.S. at 281-82. In order for evidence to be material, it is not necessary that the evidence establish by a preponderance that disclosure of the evidence would have resulted in an acquittal. Kyles, 514 U.S. at 434-35. However, in making a determination of materiality, the assessment of the omitted evidence's impact must take account of the cumulative effect of the suppressed evidence in light of the other evidence, not merely the probative value of the suppressed evidence standing alone. Id. at 436-37.

Barto does not identify how evidence regarding an unrelated investigation of the trooper involved in this case would have been material to the outcome of his criminal proceedings. The

13

investigating trooper provided limited testimony of how he became aware of the victims and his subsequent actions in identifying the victims. (Doc. No. 17-1, Ex. 23 at 202-31.) Barto does not claim that the investigating trooper was even aware that he was being investigating during Barto's trial. Considering this evidence and the minimal, potential exculpatory effect of such information on Barto, he has not established a reasonable probability that the outcome of the trial would have been different. See, e.g., Abdul-Salaam v. Beard, 16 F. Supp. 3d 420, 542 (M.D. Pa. 2014). Similarly, Barto has failed to demonstrate that he was prejudiced by counsel's ineffective performance because he has not shown "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Indeed, Barto's vague assertions fail to show that his underlying claim of ineffective assistance of trial counsel has merit, and therefore, he cannot establish cause for PCRA counsel's failure to raise this claim of trial-counsel ineffectiveness. The Court will therefore deny this claim for Barto's procedural default.

The third ground raised by Barto is that his trial counsel was ineffective for failing to inform him of the availability of character witnesses to testify as to his non-violent reputation. (Doc. No. 6 at 9.) As noted above, to excuse default under Martinez based on PCRA counsel's ineffectiveness, Barto must show in part that the underlying claim of ineffective assistance of trial counsel has some merit. Barto cannot make this showing because he does not identify the character witnesses who would have testified for him at trial, nor has he described other character evidence that could have been presented. See Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (providing that "'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing'" in 2254 proceedings) (quoting Mayberry v.

14

Petsock, 821 F.2d 179, 184 (3d Cir. 1987)); see also Grego v. Kerestes, Civ. No. 2016 WL 192723, at *11 (M.D. Pa. Jan. 15, 2016).

Because Barto's vague assertions do not show that his underlying claim of ineffective assistance of trial counsel has some merit, he cannot establish cause for PCRA counsel's failure to raise this claim of trial-counsel ineffectiveness. This claim will therefore be denied for Barto's procedural default.

  B.  **Merit Analysis of Ground Four of the Petition**

Barto's only exhausted claim is asserted in ground four of the petition, wherein he argues that his due process right to a fair trial was violated when the trial court consolidated the forcible rape charges with the non-violent charges. (Doc. No. 1 at 10.) He argues that these charges are not sufficiently related so as to justify consolidation of the cases, and that this consolidation prejudiced him at trial. (Id.) Respondents contend that the state court's decision was not contrary to, nor did it involve an unreasonable application of clearly established federal law, and it did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. (Doc. No. 17 at 14.)

Federal habeas relief is available only in the context of claims arising under "the Constitution or laws or treaties of the United States," as opposed to those founded on alleged errors of state law. 28 U.S.C. § 2254(a); see also Estelle, 502 U.S. at 67-68. "Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'" See Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (quoting Estelle, 502 U.S. at 67-68)). While Barto alleges that consolidation was unfair and prejudicial to his trial, which tenuously implicates the Due Process Clause of the federal Constitution, see Toussaint v. Klem, Civ. No. 03-0927, 2004 WL 727061, at *6 (E.D. Pa. Mar. 31, 2004), consolidation of offenses and

decisions on motions to sever charges implicate state law questions. See Jones v. Brierly, 276 F. Supp. 567, 571 (E.D. Pa. 1967); see also Toussaint, 2004 WL 727061 at *6 (providing that consolidation and severance of cases is a matter of Pennsylvania state law and that a claim that the state court improperly consolidated cases is not a matter of constitutional law); Spencer v. Texas, 385 U.S. 554, 562 (1967) (stating that the "inherent opportunities for unfairness" when a defendant is tried for multiple offenses is not a violation of due process); Silva v. Pennsylvania, 196 F. Supp. 51, 53 (E.D. Pa. 1961) (holding that "the action of the trial court in consolidating indictments is not open to attack on a habeas corpus proceeding"). In the absence of "clearly established [f]ederal law as determined by the Supreme Court," there can be no basis for overturning the state courts' adjudication of this claim. See Carey v. Musladin, 549 U.S. 70 (2006). Accordingly, federal habeas review of this claim would be improper.

## IV. CONCLUSION

For the foregoing reasons, Barto's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), is dismissed with prejudice. An appropriate Order follows.